[Cite as *State v. Ghussin*, 2016-Ohio-4578.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

STATE OF OHIO  :
:
     Plaintiff-Appellee  :    Appellate Case No. 2015-CA-48
:
:    Trial Court Case No. 14-CR-642
v.  :
:    (Criminal Appeal from
:     Common Pleas Court)
JESSE D. GHUSSIN  :
:
     Defendant-Appellant  :
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of June, 2016.

. . . . . . . . . . .

ELIZABETH ELLIS, Atty. Reg. No. 0074332, Greene County Prosecutor's Office, 55 Greene Street, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

ENRIQUE G. RIVERA-CEREZO, Atty. Reg. No. 0085053, Law Office Joseph C. Lucas, LLC, 61 North Dixie Drive, Suite B, Vandalia, Ohio 45377
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Jesse D. Ghussin appeals from his conviction and 18-

month sentence for Robbery, in violation of R.C. 2911.02(A)(3), a felony of the third-degree, following a negotiated plea of guilty. Assigned counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he could find no potential assignments of error having arguable merit. Neither can we. Accordingly, the judgment of the trial court is Affirmed.

## I. The Offense

{¶ 2} On October 31, 2014, a Wal-Mart employee was handing out Halloween candy to customers at the store entrance. Ghussin approached the employee, and attempted to take the entire bucket of candy. When the employee told Ghussin that he could only have one piece, Ghussin punched the employee on the left ear and fled. A medic was called, and the employee was transported to a hospital "for hearing loss."[1] There is no indication that the employee sustained any permanent injury.

## II. The Course of Proceedings

{¶ 3} Ghussin was charged by indictment with Robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree. Ghussin moved for a mental evaluation of his competency to stand trial, and his sanity at the time of the offense. The trial court sustained the motion. Ghussin was evaluated by Jordan B. Bell, Ph.D., of the Forensic Psychiatry Center for Western Ohio. Ghussin later moved for a second competency and sanity evaluation, which the trial court ordered. The second evaluation was performed by Scott T. Kidd, Psy.D., of David H. Roush, Psy.D. and Associates. Both Bell and Kidd

---

[1] The "Official Version of the Offense," from the pre-sentence investigation report.

recognized that Ghussin was mentally ill, with a diagnosis of Schizophrenia and Bipolar Affect Disorder, but they both found that Ghussin was competent to stand trial, and did not meet the legal definition of insanity at the time of the offense. Both Bell and Kidd, in their reports, found that Ghussin was able to understand, and to participate intelligently in, plea negotiations. The trial court found Ghussin competent to stand trial.

{¶ 4} Ghussin entered into a plea agreement with the State, wherein Ghussin was allowed to plead guilty to the lesser offense of Robbery, in violation of R.C. 2911.02(A)(3), a felony of the third degree, and the State agreed to recommend community control sanctions, with mental health assessment. The trial court conducted a proper plea colloquy, in accordance with Crim.R. 11. As part of the colloquy, the trial court explained to Ghussin that it was not bound by the State's recommendation as to the sentence, but could impose any authorized sentence it deemed appropriate.

{¶ 5} The trial court imposed a prison sentence of 18 months, with a jail-time credit of 251 days. No fine was imposed, and no restitution was ordered. Costs were assessed against Ghussin. The trial court approved intensive program prison and transitional control. From his conviction and sentence, Ghussin appeals.

{¶ 6} Ghussin's assigned appellate counsel has filed an *Anders* brief, indicating that he could find no potential assignments of error having arguable merit. By entry dated March 7, 2016, we afforded Ghussin the opportunity to file his own, pro se brief. He has not done so.

### III. We Find No Potential Assignments of Error Having Arguable Merit

{¶ 7} In his brief, counsel identifies two potential assignments of error, but

concludes that neither has arguable merit. The first of these is that Ghussin did not understand the rights he waived by pleading guilty. We have reviewed the plea transcript. It demonstrates a plea hearing in compliance with Crim.R. 11( C). From the transcript, it appears that Ghussin was lucid, was properly involved in the hearing, and had no apparent misunderstandings or confusion. We agree with counsel that this potential assignment of error has no arguable merit.

{¶ 8} Counsel next identifies as a potential assignment of error that Ghussin should not have been sentenced to prison. The possible prison terms for Ghussin's offense are: 9, 12, 18, 24, 30, or 36 months. The term imposed, 18 months, is in the middle of that range. The trial court recited that it had considered the purposes and principles of sentencing and the seriousness and recidivism factors set forth in R.C. 2929.11 and 2929.12, respectively; it also found that "a prison term is consistent with the purposes and principles of sentencing," that Ghussin "is not amenable to an available community control sanction," that community control sanctions would demean the seriousness of Ghussin's conduct and its impact on the victim, that a prison sentence is commensurate with the seriousness of his conduct and its impact on the victim, and that a prison sentence does not place an unnecessary burden on governmental resources. The trial court also noted that the pre-sentence investigation report reflected misdemeanor convictions, about a year previously in New York, for assault and for stalking (causing fear of material harm to health, safety, or property). The trial court also referred to a fight Ghussin had got into with another inmate while in jail on this charge, to which Ghussin's trial counsel had referred earlier in the sentencing hearing. Based upon our review of the sentencing transcript and the pre-sentence investigation report, we agree with counsel that this

potential assignment of error has no arguable merit.

{¶ 9} Pursuant to our duty under *Anders v. California*, we have independently reviewed the entire record. We have found no potential assignments of error having arguable merit.

### IV. Conclusion

{¶ 10} No potential assignments of error with arguable merit having been found, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Elizabeth Ellis
Enrique G. Rivera-Cerezo
Jesse D. Ghussin
Hon. Michael A. Buckwalter